IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY DONAHUE BARRON,

    Petitioner,                    No. 2: 11-cv-2247-KJN P

    vs.

STATE OF CALIFORNIA, et al.,      ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges the validity of two prior state convictions. The convictions occurred in 1987 and 1989. Petitioner was sentenced to four years imprisonment for both convictions. Petitioner alleges that his pleas of guilty to these convictions were involuntary and unknowing. Plaintiff also alleges that he received ineffective assistance of counsel. Petitioner also moves to expunge these crimes from his record pursuant to the Youthful Offender Act.

1

Petitioner also appears to argue that his sentences for these convictions should be reduced pursuant to Kimbrough v. United States, 552 U.S. 85 (2007).

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490–91 (1989); Carafas v. Lavallee, 391 U.S. 234, 238 (1968); see also 28 U.S.C. §§ 2241(c)(3), 2254(a).  A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired."  Maleng, 490 U.S. at 491.

Because of the amount of time that has passed since petitioner's 1987 and 1989 convictions, petitioner is no longer "in custody" as to these convictions.  The sentences imposed for these convictions have long since expired.[1]  Accordingly, the court lacks subject matter jurisdiction to consider petitioner's claims challenging the validity of his 1987 and 1989 convictions.

The undersigned also observes that the Youthful Offender Act, under which petitioner seeks expungement of his prior convictions, is a California law.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  A request for expungement under California's Youthful Offender Act must be brought in state court.

For the reasons discussed above, the undersigned recommends that this action be dismissed for lack of jurisdiction.

---

[1] To the extent petitioner challenges the validity of his 1987 and 1989 state convictions on grounds that they were improperly used to enhance his federal conviction, such a claim should be raised in a motion pursuant to 28 U.S.C. § 2255. However, claims by petitioner challenging his 1987 and 1989 state convictions by way of a motion challenging his federal conviction brought pursuant to 28 U.S.C. § 2255 would most likely be barred as well.  See Daniels v. United States, 532 U.S. 374 (2001) (habeas relief is generally not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. § 2255).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this action;

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bar2247.osc